# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                               Case No. 11-CR-13

**JAMES SCHRADER**
        Defendant.

## DECISION AND ORDER

Defendant James Schrader filed a request for early termination of his probation, and the government responded in opposition. I first set forth the background of the case before considering defendant's request.

On May 18, 2011, defendant pleaded guilty to dealing firearms without a license, contrary to 18 U.S.C. § 922(a)(1). On August 29, 2011, I sentenced him to 3 years' probation, consistent with the joint recommendation of the parties, a sentence well below the advisory guideline range of 57-71 months. In imposing this sentence, I acknowledged the serious nature of the offense – over a fifteen year period, defendant sold hundreds of guns without a license; while he did not do so with any malevolent intent, transferring this many guns in this fashion, with no background checks, posed obvious risks to public safety. On one occasion, he transferred a part that qualified as a machine-gun under federal law. Nevertheless, I found the 3 year probationary sentence recommended by the parties sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Defendant suffered a substantial penalty in terms of the forfeiture of his firearms collection, worth about $500,000, which added to the punitiveness of the sentence. He also faced a bar

on possessing guns in the future. Therefore, combined with these financial penalties and collateral consequences, I found probation sufficient to provide just punishment. Three years of probation also sufficed to protect the public and deter, given defendant's advanced age, lack of record, and otherwise positive background. Based on his financial situation and the forfeitures, I determined that defendant lacked the ability to pay a fine but required community service in lieu of the fine under 18 U.S.C. § 3563(a)(2).

In his request for early termination, defendant indicates that he has completed his community service, files regular reports to his probation officer on-line, and is current with all obligations. He further indicates that since his conviction he has maintained his employment, paid the special assessment, and reported regularly to the probation officer as directed. The government has forfeited and destroyed his collection of firearms. Defendant argues that no additional punishment is necessary; the felony adjudication and forfeiture have exacted sufficient punishment. He further argues that, given his status as a convicted felon, the offense conduct is unlikely to recur. He concludes that these facts, along with his lack of prior record and compliance with the conditions of probation, suggest that he is an appropriate candidate for early discharge.

Under 18 U.S.C. § 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The statute thus permits early termination of felony probation if: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be

heard; and (3) termination is in the interest of justice based on the defendant's conduct and the sentencing factors under 18 U.S.C. § 3553(a). United States v. Nelson, No. 09-CR-108, 2012 WL 3544889, at *1 (E.D. Wis. Aug. 16, 2012) (citing United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998)). Defendant has served more than one year in the present case, and the government has been given a chance to respond. The issue is whether early termination is warranted by the conduct of the defendant and the interest of justice.

The district court possesses wide discretion in determining whether the interest of justice would be served by terminating supervision early. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006) (considering similar standard under 18 U.S.C. § 3583(e)(1), applicable to supervised release). However, courts have generally held that the conduct of the defendant necessary to support early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Thus, courts have tended to grant termination only in cases involving new or unforeseen circumstances, which may include exceptionally good behavior. Nelson, 2012 WL 3544889, at *2 (citing United States v. Singer, No. 08-CR-587, 2012 WL 3062136, at *1 (E.D.N.Y. July 25, 2012); United States v. Echoles, No. 09-CR-140, 2010 WL 2985649, at *2 (E.D. Wis. July 26, 2010); United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003)). Defendant bears the burden of demonstrating that early termination of his supervision is warranted. Id. at *1.

Defendant fails to make the necessary showing. While his compliance is laudable, the court expects no less of those on probation. He makes no showing that his conduct has been exceptionally good or that his conditions interfere with his rehabilitation. See United States v. White, No. 06-CR-50, 2012 WL 5198364, at *2-3 (E.D. Wis. Oct. 19, 2012). Further, the §

3

3553(a) factors support service of the full sentence. As indicated above, defendant committed a serious offense, transferring hundreds of guns without a license (and without background checks). At the original sentencing, I agreed with the parties that, in light of the significant forfeiture and collateral consequences, probation rather than prison would suffice to provide just punishment for this defendant. However, reducing the probationary term below the jointly recommended 3 year term would depreciate the seriousness of the offense and fail to promote respect for the law. Further, while I continue to believe that defendant poses a low risk of re-offending, service of the full term is warranted to deter others and ensure that defendant remains compliant.

**THEREFORE, IT IS ORDERED** that defendant's request (R. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge